UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

  Plaintiff,

  v.

WIZFAIR, LLC, et al.,

  Defendants.

Case No.  26-cv-03425-JCS

**ORDER DENYING MOTION FOR RECONSIDERATION OF DENIAL OF IN FORMA PAUPERIS APPLICATION AND EXTENDING DEADLINE TO PAY FILING FEE TO JUNE 1, 2026**

Dkt. no. 7

Plaintiff has brought a motion for reconsideration of the Court's denial of his in forma pauperis ("IFP") application.   As a preliminary matter, Plaintiff did not obtain leave of court to file a motion for reconsideration as required by Civil Local Rule 7-9, which requires that a party obtain leave of court prior to filing a motion for reconsideration.  Notwithstanding this procedural error, the Court DENIES the motion for reconsideration.  The hearing Plaintiff noticed for **May 27, 2026** is vacated.

"[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). The undersigned, as well as "numerous other judges in this District across [a multitude of] other cases arising [predominantly] from Mr. Firsov's air travel have [] denied his IFP applications when presented with similar financial information" to that presented in his affidavit. *See L.F. by & Through Firsov v. Church of Scientology of Silicon Valley*, 2025 WL 1616721, at *4 (N.D. Cal. June 5, 2025) (collecting nine other cases; based on the undersigned's review, the total number of cases filed in this Court since 2025 is now over 20 – none granting IFP status). Most recently, just two months ago, Magistrate Judge Hixson found that even though Plaintiff reported a reduction of

United States District Court
Northern District of California

his salary due to a "crisis in IT," resulting in a gross monthly salary of $8,800 and a net monthly salary of $6,600, and despite claiming to be homeless, Plaintiff nonetheless did not qualify for IFP status. *Firsov v. Frontier Airlines, Inc.*, 26-cv-1131 YGR, dkt. no. 8 (March 12, 2026 Report and Recommendation) at 4.   (In that case, Plaintiff also claimed that he had monthly spousal and child support payments of $4,133.)  *Firsov v. Frontier Airlines, Inc.*, 26-cv-1131 YGR, dkt. no. 2 (IFP Application).

Judge Hixson found that Plaintiff's reduced salary and homeless status did not warrant reaching a different conclusion as to Plaintiff's eligibility for IFP status from the one previously reached by a number of other judges of this Court, reasoning as follows:

> First, while Plaintiff's income has decreased, his income remains substantial at $6,600 per month and, based on Plaintiff's complaint, he continues purchasing airline travel tickets (well after his reduction in salary) and exercising discretionary spending at a level that belies his inability to pay the filing fee for this action. See Compl. at 4-5; see also *Firsov v. Skywest Airlines*, No. 26-cv-0343-SVK, ECF No. 7 at 2 finding Plaintiff had not shown that he could not afford to pay the Court filing fee where he continued purchasing airline tickets, among other discretionary spending.); *Firsov v. Alaska Airlines*, No. 25-cv-2841-NW (NC), ECF No. 10 at 2 (finding Plaintiff had "not shown that he could not afford to pay the Court filing fee if he adjusted or deferred other of his discretionary expenses."). Second, while homelessness or inability to pay rent would point in favor of IFP status, Plaintiff's application is inconsistent on this matter: Despite averring that he is homeless, he claims a monthly expense of $2,300 in rent owed. Compare ECF No. 2 at 3 with id. at 4.

*Firsov v. Frontier Airlines, Inc.*, 26-cv-1131 YGR, dkt. no. 8 (March 12, 2026 Report and Recommendation) at 4-5.  The undersigned agrees with Judge Hixson's reasoning and conclusion.

Likewise, the Court finds that Plaintiff has not established that he is unable to pay the filing fee in this case.  First, Plaintiff states that his gross salary is now $10,920 a month, as compared to $8,800 just a few months ago, when Judge Hixson found that Plaintiff was not eligible for IFP status.  Furthermore, Plaintiff's statement, without explanation that his *net* salary is only $4,200 – that is, that his take-home pay is less than half than his salary – is not credible. The Court notes that in an IFP application filed approximately one year ago, Plaintiff listed a gross salary (for the same job he has listed on all of his IFP applications) of $11,000/month (just $8 a month more than he lists in this case) and yet listed a net salary of $8,000/month.  *See Firsov v.*

*Scandinavian Airlines*, 25-cv-3691 EMC, dkt. no. 2.   While Plaintiff now claims to owe $4,500/month in spousal and child support payments (as compared to $4,133/month in the case discussed above), the increase as to these obligations is more than offset by the increase in Plaintiff's salary.

Second, the allegations in this case (and in the many other cases Plaintiff has filed in this Court) reflect that he continues to engage in expensive international travel, including hotels and even charges for transporting a dog.  *See* dkt. no. 1.   In light of Plaintiff's expenditures and resources, the undersigned agrees with every other judge of this Court to have addressed the question, that Plaintiff has not shown that he cannot afford to pay the Court filing fee if he adjusts or defers other discretionary expenses.

Plaintiff's deadline to pay the full filing fee is extended to **June 1, 2026.**   Failure to pay the filing fee may result in dismissal of this case.

**IT IS SO ORDERED.**

Dated:  May 18, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

3