UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

                    Plaintiff,

        v.

WIZFAIR, LLC, et al.,

                    Defendants.

Case No. 26-cv-03425-RS

**ORDER RE REPORT AND RECOMMENDATION**

This matter was initially randomly assigned to a magistrate judge who denied plaintiff's application to proceed *in forma pauperis*, and required plaintiff to pay the filing fee by a specific date more than two weeks later. When plaintiff sought reconsideration (without complying with the rules applicable to such motions), the magistrate judge denied reconsideration on the merits, and extended the date to pay the filing fee to a date nearly two weeks beyond the entry of that order. After that deadline expired, and with no indication in the docket that plaintiff had filed the filing fee, the magistrate judge issued a report and recommendation suggesting the matter be dismissed on the basis that plaintiff had not established that he is indigent and had not paid the filing fee.

Plaintiff's payment of the filing fee was entered in the docket approximately two weeks later. In light of that payment, the recommendation for dismissal will not be adopted, and this matter may proceed in the ordinary course. That said, the complaint in this matter would have been subject to pre-filing review if it had been filed following the effective date of the pre-filing

review order in *Firsov v. Scandinavian Airlines of North America, Inc.*, 3:25-cv-03691-EMC (N.D. Cal. June 23, 2026), Dkt. 113. There is little to suggest this action is any less frivolous than the plethora of prior cases described in that order. Plaintiff is advised that he may proceed only if he complies with the provisions of Rule 11 of the Federal Rules of Civil Procedure, which states, in part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Although the pleadings of a pro se litigant are construed with liberality, plaintiff is cautioned that particularly in light of his overall litigation conduct, failure to comply with Rule 11 in this action will expose him to the possibility of substantial monetary sanctions.

**IT IS SO ORDERED**.

Dated: June 24, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 26-cv-03425-RS

2

United States District Court
Northern District of California